UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN SHANNON QUINNONES, : CIVIL ACTION NO. 3:CV-08-2267
ANTHONY LEE GRAY, :
: 
      Plaintiffs : (Judge Nealon)
:
v. :
:
GENE FISCHI, et al., :
:
      Defendants :

**MEMORANDUM**

**Background**

Plaintiff, Shawn Shannon Quinnones, an inmate formerly confined in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania[1], filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges "arbitrary embezzlement and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and denial of Administrative Due Process in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution." (Doc. 18, Amended Complaint). The named Defendants are the following ten employees of the Luzerne County Correctional Facility: Warden Gene Fischi; Hearing Examiner John J. Smith; Correctional Officers Eric Messersmith, Thomas Hischak, Ryan Flynn, Bob Moran, William Hall; and nurses Carleen Kertz and Karen Balucha. Id.

By Memorandum and Order dated August 22, 2011, Defendants' motion for summary judgment was granted with respect to the due process afforded Plaintiff during his misconduct

---

[1]Plaintiff is currently housed in the State Correctional Institution, Cresson, Pennsylvania. See (Doc. 100, Notice of Change of Address).

hearing, and because Plaintiff was afforded adequate pre-deprivation notice of the misconduct fee pursuant to the Financial Responsibility Program. See (Doc. 85, Memorandum). However, Defendants' motion for summary judgment was denied as to whether Plaintiff was provided a meaningful post-deprivation remedy pursuant to Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000). Presently pending before the Court is Defendants' supplemental motion for summary judgment. (Doc. 111). For the reasons set forth below, Defendants' supplemental motion for summary judgment will be granted.

I.  **Statement of Material Facts**

Plaintiff was moved to the Luzerne County Correctional Facility ("LCCF") from the State Correctional Institution, Dallas, ("SCI-Dallas"), Pennsylvania, after he was charged at SCI-Dallas with aggravated harassment by a prisoner.[2] (Doc. 97, Statement of Material Facts at ¶ 2).

Upon entrance to the LCCF, inmates are given notice through the Innate Handbook that the misconduct fee is part of the Financial Responsibility Program. See (Doc. 98, Ex. 3, Inmate Handbook at p. 30). Pursuant to prison policy outlined in the Inmate Handbook, prisoners may challenge the deductions from their inmate accounts through the internal inmate grievance procedure.[3]

---

[2]Plaintiff avers that he was a pretrial detainee at the Luzerne County Correctional Facility because of his transfer there to await trial on the separate incident that occurred at SCI-Dallas. However, because Plaintiff was already serving a sentence when he was transferred to the Luzerne County Correctional Facility, he remained a convicted inmate, even though he had been transferred for trial. See Laza v. Reish, 84 F.3d 578, 580 (2d Cir. 1996).

[3]While there is no provision specifically permitting the filing of a grievance in regards to the misconduct fee, the handbook states that the institution does have a formal system for handling inmate grievances. (Doc. 98, p. 44).

On October 16, 2007, Plaintiff threatened a Luzerne County Correctional Officer and threw toilet water on him. (Doc. 112-1, Ex. A at pp. 1-2, Misconduct Report; hearing summary). Plaintiff received ninety (90) days disciplinary confinement, and was charged $5.00 for the misconduct fee. Id. Plaintiff did not file an appeal. Id.

On May 13, 2008, Plaintiff was found guilty of throwing a clear liquid at the block monitor, striking him on his right arm and neck, on May 11, 2008. (Doc. 112-1, Ex. A at pp. 3-5, Misconduct Report; hearing summary). Plaintiff received forty-five (45) days disciplinary confinement, and was charged $5.00 for the misconduct fee. Id. On May 23, 2008, Plaintiff's appeal from his misconduct was denied. Id.

On May 27, 2008, Plaintiff pled guilty to a May 22, 2008 misconduct, issued to Plaintiff for using abusive language and covering his cell window. (Doc. 112-12, Ex. A at pp. 6-9, Misconduct Report; Hearing Summary). Plaintiff received ten (10) days disciplinary confinement, and was charged $5.00 for the misconduct fee. Id.

Over the course of the day, on June 20, 2008, Plaintiff received three separate misconducts, one for disruption or interference, refusing to obey an oral order, possession of contraband (drug not authorized to possess), a second for using abusive language, and a third for refusing to obey an oral order. (Doc. 112-12, Ex. A at pp. 10-21, Misconduct Reports and Hearing Summaries). At hearings on June 25, 2008 and June 27, 2008, Plaintiff was found guilty of all the misconducts. Id. He was sanctioned to a total of sixty (60) days disciplinary confinement, and was charged $5.00 for each misconduct. Id. On July 3, 2008, Plaintiff's appeal of the misconducts was denied. Id.

On June 26, 2008. Plaintiff received two misconducts, one for threatening a person with bodily harm and disruption, and a second for possession of contraband and failure to report presence of contraband. (Doc. 112-12, Ex. A at pp. 22-32, Misconduct Reports and Hearing Summaries). At his misconduct hearing on June 30, 2008, Plaintiff was found guilty, in absentia[4], of all misconducts, and sanctioned a total of one hundred five (105) days disciplinary confinement. Id. He was charged $5.00 for each misconduct. Id. On July 3, 2008, Plaintiff's appeal[5] of the misconducts was denied. Id.

On July 30, 2008, Plaintiff received a misconduct for threatening to throw a mouthful of hepatitis and H.I.V. on Sgt. Handley. (Doc. 112-12, Ex. A at pp. 33-34, Misconduct Report). At his misconduct hearing on August 29, 2008, Plaintiff was found guilty of the misconduct, sanctioned to thirty (30) days disciplinary confinement, and charged $5.00 for the misconduct. Id. Plaintiff did not appeal the hearing examiner's findings. Id.

On August 29, 2008, Plaintiff was found guilty of an August 26, 2008 misconduct report issued for screaming and yelling so loudly that a nurse could not do her job; and for yelling obscenities at an officer. (Doc. 112-12, Ex. A at pp. 35-36, Misconduct Report). Although Plaintiff received thirty (30) days disciplinary confinement, the record indicates that he was not charged a $5.00 misconduct fee. Id. The Plaintiff did not appeal the hearing examiner's findings. Id.

Plaintiff acknowledges that hearings were held for each of the above misconducts. See (Doc. 18, Amended Complaint). Plaintiff received copies of each of the misconducts and

---

[4]Inmate Quinnones was removed from the hearing for disrupting the hearing. Id.

[5]Plaintiff refused to attend his appeal. Id.

4

the hearing examiner's findings.  Id.

Plaintiff's inmate account reflects that $40.00 was deducted from his account for the misconducts he received.  (Doc. 112-1 at pp. 39-41, Inmate current Running Balance Report).

On September 19, 2008, Plaintiff was found guilty, after a jury trial, of Assault by Prisoner, Aggravated Harassment by Prisoner, Recklessly Endangering Another Person, and Harassment, and was moved back to the State Correctional System.  (Doc. 97, at ¶ 12).

Plaintiff acknowledges that LCCF has a procedure and practice that enables the prison to deduct five ($5.00) dollars from an inmate's account or put a lien on an inmate's account if the inmate is found guilty of a misconduct.  (Doc. 97, at ¶ 7; Doc. 106, at ¶ 6).

Plaintiff believes this policy is "arbitrary embezzlement" and accuses Defendants of writing false reports and fabricating misconduct reports against Plaintiff.  (Doc. 97, at ¶¶ 4, 5; (Doc. 106, at ¶ 9).

On December 19, 2008, Plaintiff filed the instant action, in which he seeks compensatory and punitive damages, for Defendants "false misconducts written on the Plaintiff"; "denial of due process in connection with the disciplinary hearings that were conducted or denied by the Hearing Examiner"; and "embezzling money from the Plaintiff by using the misconduct and hearing process."  (Doc. 18, amended complaint).

**II.**     **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[6] In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

### III. Discussion

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001).

#### Due Process

To establish a due process violation under the Fourteenth Amendment, a plaintiff

---

[6]Rule 56 was revised by amendment effective December 1, 2010. The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Rule 56 advisory committee notes. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id. The post-2010 Amendment Rule 56 provisions will be applied in the matter sub judice, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied. See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

must demonstrate that the defendants deprived him of either a property or liberty interest. Daniels v. Williams, 474 U.S. 327, 339 (1986). Property rights are basic civil rights and a deprivation of property without due process gives rise to a claim under section 1983. Lynch v. Household Fin. Corp., 405 U.S. 538, 552 (1972). Inmates have a protected property interest in the funds in their prison accounts. Reynolds v. Wagner, 128 F. 3d 166, 179 (3d Cir. 1997). Accordingly, "inmates are entitled to due process with respect to any deprivation of money [from their accounts]." Higgins v. Beyer, 293 F.3d 683, 693 (3d Cir. 2002) (citations omitted).

In Reynolds, the Third Circuit upheld the constitutionality of a county prison policy, which assessed small co-payments for medical care. Reynolds, 128 F. 3d 166. The inmate handbook explained certain exceptions to the medical co-pay requirement. An inmate who disagreed with a fee assessment, could file a grievance on the matter. In finding no violation of the Due Process Clause, the Court noted: "Moreover, this is not a situation in which the inmates are deprived of the benefits of their property and receive nothing in return; rather in exchange for the fees, the inmates receive the benefit of health care, the value of which undoubtedly exceeds the modest fee assessed." Id. at 180.

Similarly, in Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000), the plaintiff also challenged the adequacy of procedural safeguards in place when the prison only provided the opportunity for a post-deprivation hearing. In that case, the Third Circuit Court of Appeals stated that the procedures afforded by the prison satisfied the constitutional requirements of due process. Id. Specifically, the Tillman court stated:

> It is impractical to expect the prison to provide predeprivation proceedings under these circumstances.... The assessments and takings pursuant to the program involve routine matters of accounting, with a low risk of error.

> To the extent that mistakes such as erroneous assessments or incorrect takings might occur, they may be corrected through the prison's grievance program without any undue burden on a prisoners' rights. On the other hand, to require predeprivation proceedings for what are essentially ministerial matters would significantly increase transaction costs and essentially frustrate an important purpose of the program, which is to reduce the county's costs of incarcerating prisoners.

Id. at 422.

Prison grievance procedures constitute an adequate remedy for a prisoner to challenge deductions from his account. See, e.g., Scott v. Angelone, 1992 WL 354598, *4 (9th Cir. 1992) (unpublished disposition) (finding advanced notice of program's implementation and right to file grievance with respect to particular charges constitute adequate pre- and post-deprivation procedures sufficient to protect inmate's due process rights under inmate co-pay program); Reynolds v. Wagner, 936 F. Supp. 1216, 1228 (E.D. Pa. 1996) (same); Morales v. Beard, 2009 WL 2413425, *1 (W.D. Pa. 2009) (same); Robinson v. Fauver, 932 F. Supp. 639, 645 (D. N.J. 1996) (rejecting equal protection and due process challenges to New Jersey's inmate co-payment system); Johnson v. Dep't of Public Safety, 885 F. Supp. 817, 821 (D. Md. 1995) (rejecting due process challenge).

Here, Plaintiff was provided with two adequate post-deprivation remedies to challenge the $5.00 misconduct fee. Initially, Plaintiff had the remedy of challenging his misconduct, and the associated fee, at the misconduct hearing, and through subsequent appellate rights. Additionally, Plaintiff had the availability of a grievance procedure at LCCF. To the extent that Plaintiff argues that he filed "numerous grievances challenging the deductions from [Plaintiff's] account that were never responded to" and "Defendants have failed to address that fact," the record is devoid of any evidence of grievances, challenging the $5.00 misconduct fee, that were

filed by Plaintiff, and never responded to. Thus, Plaintiff's claim is based on conclusory assertions, unsupported by any evidence in the record, indicating that Plaintiff was denied Due Process.

The United States Court of Appeals for the Third Circuit has specified that, at the summary judgment phase of the case, a claim fails as a matter of law if it is based only on the Plaintiff's unsupported allegations. See Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000) (holding that "[a]t summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial."); see also Diaz v. Palakovich, 2009 WL 811712 *5 (M.D. Pa. 2009) (following Jones, 214 F.3d 402 and stating that "at the summary judgment stage, the conclusory allegations of the Complaint, without evidentiary support, may be disregarded"). Accordingly, Defendants are entitled to summary judgment as a matter of law.

A separate Order will be issued.

Dated: March 29, 2012

_United States District Judge_